United States District Court
for the
Southern District of Florida

| Katherine Small, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 20-21420-Civ-Scola |
| | ) | |
| Carnival Corporation d/b/a | ) | |
| Carnival Cruise Lines, Defendant. | ) | |

**<u>Order Striking Complaint</u>**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff Katherine Small when she slipped and fell while a passenger aboard a ship operated by Defendant Carnival Corporation, doing business as Carnival Cruise Lines. (Compl., ECF No. 1.) In her complaint, Small asserts two counts, labeled "Negligence" and "Failure to Warn" against Carnival but alleges at least nineteen ways in which the cruise line breached its duty of care or was otherwise negligent and six ways in which the cruise line failed to warn Small. (*Id.* at ¶¶ 17, 24.) These "breaches" raise numerous distinct theories of liability, including for negligently creating or allowing a dangerous condition, negligent failure to warn, and failure to train and supervise crewmembers. (*Id.*)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

Small's "negligence" count attempts to cram multiple, distinct theories of liability into one claim. (ECF No. 1 at ¶ 17.) At the same time, many of the purported breached duties are redundant. For example, the Court can discern no meaningful distinction between Carnival's purported negligence for failure to "inspect, maintain, and monitor the stairwell in an area known to Defendant for

frequent spills to ensure it was reasonably safe for use by passengers, including Plaintiff, rendering the stairwell unsafe for Plaintiff" (*id.* at ¶ 17.c.) and Carnival's purported negligence for failure to "inspect, maintain, and monitor the stairwell to ensure it was reasonably safe for use by passengers, including Plaintiff, rendering the stairwell unsafe for Plaintiff" (*id.* at ¶ 17.f.). The failure to warn count, which hosts at least six different theories, fares no better. (*Compare id.* at ¶ 24.c. ("Failure to warn Plaintiff of a dangerous non-obvious condition, to wit: wet steps on the stairwell Plaintiff was directed to use which created a hidden, non-obvious hazard rendering the stairwell unsafe for Plaintiff, which Defendant had knowledge of and was on notice of.") *with id.* at ¶ 24.e. ("Failure to warn Plaintiff of a dangerous non-obvious condition, to wit: the risk of injury from wet steps . . . on the stairwell Plaintiff was directed to use which created a hidden, non-obvious hazard rendering the stairwell unsafe for Plaintiff, which Defendant had knowledge of and was on notice of.")).

To the extent each theory is a separate cause of action, each must be asserted independently and with supporting factual allegations.[1] *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims

---

[1] For example, the facts supporting Small's claim based on Carnival's failure to warn will most certainly be distinct from Small's claim based on Carnival's failure to train its crew.

**in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1333, n.7 (S.D. Fla. 2018) (Goodman, Mag. J.) (dismissing negligence claim where Plaintiff "has done little more than assert fact-free, wholly conclusory, boilerplate allegations" and requiring in any amended pleading that the plaintiff "allege facts, not merely labels and boilerplate conclusions"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases). Further, Small must eliminate any redundant allegations.

Accordingly, the Court **strikes** the complaint, (**ECF No. 1**), as a shotgun pleading. Small may file a second amended complaint by **April 21, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard.

Small is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered** in Miami, Florida on April 14, 2020.

Robert N. Scola, Jr.
United States District Judge